UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER T. EDELBACHER,<br>　　　　Plaintiff,<br>　　v.<br>THE CALIFORNIA BOARD OF PAROLE HEARINGS,<br>　　　　Defendant. | Case No. 17-cv-04783-HSG (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff Peter T. Edelbacher is a prisoner of the State of California who is incarcerated at Pleasant Valley State Prison. He has filed a *pro se* petition for a writ of mandamus. He has paid the filing fee.

## DISCUSSION

### I. Legal Standard

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). *Pro se* pleadings must be liberally construed, however. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### II. Legal Claims

Edelbacher challenges a decision by the Board of Parole Hearings ("BPH") that he may not be considered for release under the "Elder Parole Program." He represents that he qualifies for

this program pursuant to an order issued on February 10, 2014 by the Three-Judge Court in *Coleman*/*Plata v. Brown*.

The *Coleman*/*Plata* actions are consolidated civil rights class actions pending in the United States District Court for the Eastern and Northern Districts of California.[1] The *Coleman* class action concerns the constitutional adequacy of the mental health care provided to CDCR inmates and involves the class of seriously mentally ill persons in California prisons. The *Plata* class action concerns the constitutional adequacy of CDCR's inmate medical health care and involves the class of state prisoners with serious medical conditions. The Three-Judge Court presiding over these class actions has issued various orders related to prison overcrowding and has required the State of California to undertake prison population reduction measures.

Edelbacher seeks an order compelling the BPH to schedule and hold a parole suitability hearing. He relies on the February 10, 2014 order issued in the *Coleman*/*Plata* actions, which established an Elder Parole Program pursuant to which the BPH was to implement a parole consideration process for prisoners that are 60 years of age or older and that have served 25 years or more of their prison sentence. Edelbacher contends that he is eligible for this program despite the fact that he was sentenced to life without the possibility of parole.

### III. Writ of Mandamus

The federal mandamus statute provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, this Court has no authority to take the actions requested by Edelbacher by way of a writ of mandamus. "The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties . . . ." *Clark v. Washington*, 366 F.2d 678, 681 (9th Cir. 1966). *See also Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988) ("The federal courts have no general power [in the nature of mandamus or prohibition] to compel action by state

---

[1] *Plata v. Brown*, No. C 01-1351 JST, a class action pending in this District, and *Coleman v. Brown*, No. 90-0520 KJM DB, a class action pending in the Eastern District. The *Plata* and *Coleman* class actions have been consolidated.

officials . . . ."). The named defendant in this action—the California Board of Parole Hearings—is not an officer, employee, or agency of the United States. It is a branch of a larger state agency, the California Department of Corrections and Rehabilitation. This Court lacks jurisdiction to compel action by California state agencies or officials pursuant to 28 U.S.C. § 1361. Edelbacher's mandamus remedy, if any, lies in state court.

Further, an individual suit for injunctive and equitable relief from allegedly unconstitutional prison conditions may be dismissed when it duplicates an existing class action's allegations and prayer for relief. *See Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013). Edelbacher apparently is attempting to enforce a *Coleman*/*Plata* order. As such, his claim and the relief he seeks fall squarely within the purview of *Coleman/Plata*. Therefore, he may not bring his claim as an individual suit, but must instead seek to remedy the claimed violation through class counsel in the *Coleman/Plata* case.

## CONCLUSION

Accordingly, the action is DISMISSED for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. The Clerk of the Court shall issue judgment and close the file.

**IT IS SO ORDERED.**

Dated: 9/29/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge