UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER T. EDELBACHER,<br><br>    Plaintiff,<br><br>v.<br><br>THE CALIFORNIA BOARD OF PAROLE HEARINGS,<br><br>    Defendant. | Case No. 17-cv-04783-HSG (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**<br><br>Re: Dkt. No. 9 |

On August 16, 2017, plaintiff Peter T. Edelbacher, a prisoner of the State of California incarcerated at Pleasant Valley State Prison, filed this *pro se* petition for a writ of mandamus. In the petition, he challenged a decision by the Board of Parole Hearings ("BPH") that he may not be considered for release under the "Elder Parole Program." He represented that he qualified for this program pursuant to an order issued on February 10, 2014 by the Three-Judge Court in *Coleman/Plata v. Brown*.

On September 29, 2017, the Court dismissed the action on the ground that the Court lacks jurisdiction to take the actions requested by plaintiff by way of a writ of mandamus. *See Clark v. Washington*, 366 F.2d 678, 681 (9th Cir. 1966) ("The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties . . . ."). The Court also advised plaintiff that he could not bring his claim as an individual suit, but must instead proceed through class counsel in the *Coleman/Plata* case.

When plaintiff filed this action, he paid the full $400 filing fee. Now before the Court is plaintiff's motion for relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, in which he requests return of the filing fee. A refund is not appropriate because once the complaint was filed, the filing fee obligation was incurred. A filing fee is owed when an

action is commenced by filing a complaint, and later events do not cause that filing fee obligation to disappear.

Plaintiff compares this action to *Morris v. Shaffer*, No. 16-cv-0423 JSC (PR) (N.D. Cal.), in which Magistrate Judge Jacqueline Scott Corley of this court closed a case that the plaintiff intended to file in the *Coleman/Plata* actions and directed that no filing fee was due. This case is distinguishable from *Morris* because in *Morris*, plaintiff entered the captions for *Coleman* and *Plata* in his original filing, but the case was erroneously opened as an individual suit. Because it was clear that the plaintiff did not intend to file an individual suit, the court administratively closed the action. Because the case had been opened in error, the court correctly determined that a fee would not be assessed. In contrast, the instant action was intended as an individual action and was closed for failure to state a claim, following initial review pursuant to 28 U.S.C. § 1915A(a). The filing fee is not forgiven just because the case has been dismissed; it is a fee for filing, not a fee for continuing. Plaintiff's request for return of the filing fee is therefore DENIED.

This order terminates Dkt. No. 9.

**IT IS SO ORDERED.**

Dated: 1/5/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge